# UNITED STATES DISTRICT COURT
# DISTRICT COURT OF NEW JERSEY

------------------------------------------------------------------------X
JENNIFER PORTER, on behalf of herself and all others similarly situated,

                     Plaintiff,

  -against-

MERRILL LYNCH PIERCE FENNER & SMITH, INC.,

                     Defendant.
------------------------------------------------------------------------X

**Civ. Action No.:**

**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**

Plaintiff Jennifer Porter ("Porter" or "Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorneys, Pechman Law Group PLLC and the Law Offices of Mitchell Schley, LLC, brings this class and collective action against Defendant Merrill Lynch Pierce Fenner & Smith, Inc., and alleges as follows:

## NATURE OF THE COMPLAINT

1. Porter brings this action on behalf of herself and all others similarly situated to recover unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* and N.J.A.C 12:56 *et seq.* ("NJWHL").

2. Merrill Lynch Pierce Fenner & Smith, Inc. was a public traded company until 2009 when it was acquired by Bank of America ("Bank of America") and became known as Merrill Lynch Wealth Management, a wealth management division of Bank of America. Merrill Lynch Pierce Fenner & Smith, Inc. ("Merrill" or "Defendant") is a registered broker-dealer and wholly-owned subsidiary of Bank of America.

3. Porter and the putative collective and class members were and/or are Email Reviewers employed by Merrill in its Central Business Review Unit ("CBRU").

4. Defendant unlawfully misclassified Email Reviewers as exempt and did not pay them overtime wages for hours worked in excess of forty per workweek.

5. Defendant has engaged in this unlawful conduct pursuant to a policy, plan, or practice of minimizing labor costs and denying employees compensation by failing to pay Email Reviewers overtime wages.

6. Defendant is aware or should have been aware that the FLSA and New Jersey law requires it to pay Email Reviewers overtime wages for all hours worked in excess of 40 per workweek. Indeed prior to the acquisition of Merrill by Bank of America, Email Reviewers were paid overtime and classified as non-exempt.

7. Porter seeks unpaid overtime wages, pre- and post-judgment interest, injunctive and declaratory relief against Defendant's unlawful actions, and attorneys' fees and costs pursuant to the FLSA and NJWHL on behalf of herself and all other similarly situated non-exempt Email Reviewers.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NJWHL pursuant to 28 U.S.C. § 1367.

9. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in the District of New Jersey under 28 U.S.C. § 1391 because a substantial part of the conduct alleged herein occurred in this judicial district and Defendant resides in this district.

## THE PARTIES

**Plaintiff**

11. Plaintiff Jennifer Porter is a resident of Somerset County, New Jersey.

12. Porter was employed as an Email Reviewer for Defendant from in or about August 1999 to April 9, 2017.

13. At all relevant times, Porter has been an employee engaged in commerce or the production of goods for commerce on behalf of Defendant.

14. At all relevant times, Porter was an employee of Defendant within the meaning of the FLSA and NJWHL.

15. Porter regularly worked in excess of 40 hours per workweek, and was not compensated at the required overtime wage rate.

16. Porter has consented to be a party to the FLSA claims in the action pursuant to 29 U.S.C. § 216(b). Her written consent is attached as Exhibit A.

**Defendant**

17. Defendant Merrill is a Delaware corporation with a principal place of business in New York, New York.

18. Defendant has an office at 410 Scotch Road, Pennington, New Jersey 08534, in which Porter was employed.

19. Merrill is one of the largest brokerage firms in the country, and employs thousands of financial advisors in hundreds of branch offices.

20. At all relevant times, Merrill has been an employer of Email Reviewers within the meaning of the FLSA and NJWHL.

21. At all relevant times, Merrill has been an employer engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

22. At all relevant times, Merrill has had an annual gross volume of sales in excess of $500,000.00.

23. At all relevant times, Merrill's employees, including Porter, have handled and sold goods that have been moved in, or produced for, commerce.

## COLLECTIVE ACTION ALLEGATIONS

24. Porter brings the First Claim against Defendant as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of herself and other similarly situated individuals, which shall include all non-exempt employees employed by Merrill who were employed as Email Reviewers in the CBRU at the Pennington, New Jersey location at any time within three years prior to the filing of this action through the entry of judgment in this action (the "FLSA Collective").

25. The FLSA Collective consists of over 50 similarly situated current and former Email Reviewers who have been victims of Defendant's common policy and practices that have violated their rights under the FLSA by willfully denying them overtime pay.

26. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA.

27. This policy, pattern, or practice includes misclassifying Porter and other similarly situated Email Reviewers as exempt from overtime pay and, in turn, failing to pay them overtime

wages at the rate of one-and-one-half times their regular hourly wage rates for all hours worked in excess of 40 in a workweek.

28. Defendant's unlawful conduct has been intentional, willful, and in bad faith and has caused significant damage to the FLSA Collective.

29. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable and can be located through its records, which Defendant is required to create and maintain pursuant to the FLSA and NJWHL. Those similarly situated employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

## RULE 23 CLASS ACTION ALLEGATIONS

30. Porter brings the Second Claim as a class action, pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of a class that shall include all non-exempt employees employed as Email Reviewers in the CBRU at the Pennington, New Jersey location at any time within two years prior to the filing of this action through the entry of judgment in this action (the "New Jersey Rule 23 Class").

31. The persons in the New Jersey Rule 23 Class are so numerous that joinder of all members is impracticable. The exact number of the New Jersey Rule 23 Class members is unknown to Porter at this time, but there are believed to be over 50 such persons.

32. The identities of the New Jersey Rule 23 Class members are known to Defendant and are contained in the employment records that Defendant is required to create and maintain pursuant to the FLSA and NJWHL.

33. Porter's claims are typical of the claims of the New Jersey Rule 23 Class because Porter and the New Jersey Rule 23 Class sustained damages arising out of Defendant's conduct in violation of the NJWHL.

34. The New Jersey Rule 23 Class members work, or have worked, for Defendant in New Jersey as non-exempt Email Reviewers and were not paid overtime wages by Defendant. They and Porter have sustained similar types of damages as a result of Defendant's failure to comply with the NJWHL and supporting regulations of the New Jersey Department of Labor and Workplace Development contained in the New Jersey Administrative Code ("NJAC").

35. Defendant employed, or still employs, the New Jersey Rule 23 Class without paying them overtime wages due.

36. Porter will fairly and adequately protect the interests of the members of the New Jersey Rule 23 Class and has retained counsel competent and experienced in complex class action litigation.

37. Porter has no interests that are contrary to or in conflict with those of the other members of the New Jersey Rule 23 Class.

38. Porter knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

39. Common questions of law and fact exist as to all members of the New Jersey Rule 23 Class that predominate over any questions affecting solely individual members. Among the questions of law and fact common to the New Jersey Rule 23 Class are:

    a. whether Defendant violated the NJWHL and the supporting New Jersey Department of Labor & Workplace Development regulations;

    b. whether Defendant improperly misclassified all employees in the position of Email Reviewer as exempt under the NJWHL;

      c.    whether Defendant failed to pay its non-exempt Email Reviewers all overtime wages due at a rate of one-and-one-half-times their regular hourly rate for all hours worked in excess of 40 in a workweek in violation of the NJWHL.

40.    Defendant has acted or refused to act on grounds generally applicable to the New Jersey Rule 23 Class, thereby making appropriate relief with respect to the New Jersey Rule 23 Class as a whole.

41.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since damages suffered by individual New Jersey Rule 23 Class members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for Porter and the New Jersey Rule 23 Class members to individually seek redress for the wrongful conduct alleged. Individual class members lack the financial resources to conduct a thorough examination of Defendant's compensation practices to prosecute vigorously a lawsuit against defendant to recover such damages. Class litigation is superior because it will obviate the need for unduly duplicative litigation.

42.    This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

43.    This action is also properly maintainable as a class action on behalf of Porter and other employees similarly situated pursuant to N.J.S.A. 34:11-56a25.

## FACTUAL ALLEGATIONS

44.    Porter brings this action to obtain damages, as well as declaratory, injunctive, and other relief, individually and on behalf of the proposed FLSA Collective and New Jersey Rule 23 Class described above against Defendant, which misclassified Porter, the FLSA Collective, and the New Jersey Rule 23 Class (collectively, "Email Reviewers") as exempt from overtime premiums as required under the FLSA and NJWHL.

**Email Reviewer Position – History and Duties**

45. The CBRU is responsible for, among other things, review of emails sent or received by financial advisors ("FA") in Defendant's branch offices.

46. Broker-Dealers have regulatory obligations to review correspondence, including emails, of their FAs. For this purpose, Merrill uses surveillance programs that search through emails looking for certain keywords or phrases of concern.

47. The job of reviewing emails has had different titles at various times, such as Specialist, Senior Specialist, Email Reviewer, Supervisor Analyst, Senior Analyst, and Senior Supervision Analyst. For example, when Porter's employment at Merrill ended, her title was Senior Supervision Analyst. Notwithstanding the different titles, the job itself was the same and is referred to as "Email Reviewer" in this Complaint.

48. Before Bank of America acquired Merrill in or about 2009, the Email Reviewer position was classified as non-exempt and Porter and the other Email Reviewers in the CBRU were paid on an hourly basis with legally mandated overtime wages for work in excess of forty hours per week. In addition, Email Reviewers received annual bonuses.

49. After Bank of America acquired Merrill in or about 2009, Defendant reclassified the position as exempt, Porter and all other Email Reviewers were paid a flat weekly salary, plus annual bonuses, and Merrill stopped paying for overtime work.

50. Branch office emails are subject to electronic monitoring and surveillance by a computer program, which flags emails that meet certain criteria, such as matching keywords or phrases. Merrill currently uses a program called Autonomy to perform this function.

51. Email Reviewers review the flagged emails to check for "false positives," *i.e.*, emails that were flagged by the computer program in error. If an Email Reviewer is not sure if an

8

email is a "false positive," they are required to forward the email to the Administrative Manager of the Office Management Team ("OMT") for a determination as to whether it should properly be flagged.

52. The Email Reviewers are also tasked with reading a sample of emails that were not flagged by the computer program.

53. The CBRU issues to the Email Reviewers an "Operations Manual" or similar document that sets forth in detail how to perform email reviews.

54. Defendant's managers, not Email Reviewers, determine the categories of emails that Merrill's computer program and Email Reviewers flag.

55. Examples of categories that Email Reviewers are directed by management to flag are emails that contain: 1) customer account information, *e.g.*, social security numbers; 2) customer personal information, *e.g.*, dates of birth; 3) customer complaints; 4) FA guarantees of investment returns, which are not permitted; 5) vulgar language, ethnic slurs, or pornographic material; and 6) material marked "For Internal Use Only" that is sent externally.

56. Email Reviewers are specifically informed that they are not "supervisors."

57. Email Reviewers do not direct the duties of any other employees of Defendant.

58. Email Reviewers do not oversee or direct any of Defendant's work divisions or departments.

**Defendant's Failure to Pay Email Reviewers Overtime Wages**

59. Merrill employed Porter for 17 years as an Email Reviewer in the CBRU at the Pennington location of Merrill.

60. When Porter's employment terminated, she had the second longest tenure among the active Email Reviewers in the CBRU.

61. When Porter and the other Email Reviewers were classified as non-exempt, Defendant recorded their daily work hours. This practice stopped after Defendant reclassified the Email Reviewers as non-exempt in or about 2009. Nonetheless, Email Reviewers' hours of work can be determined from the history of their computer log-in and log-out records.

62. Porter and other Email Reviewers regularly worked Monday through Friday, 8:30 a.m. to 5:30 p.m. However, Porter regularly stayed one to three hours late. On days that she could not stay late in the office, she regularly logged in remotely and reviewed emails from home. Other Email Reviewers worked similar overtime hours.

63. The large volume of emails and management's expectation that emails written on one day be fully reviewed the following day, resulted in Porter and other Email Reviewers working a large amount of overtime hours. Mondays were particularly demanding because FAs routinely sent emails to customers on Friday and over the weekend. Management expected all of those emails to be reviewed by the end of Monday.

64. For example, Porter worked at least fifty hours per workweek, and Defendant failed to pay Porter overtime wages, in the pay periods ending on the following dates:

   a. December 15, 2014, and December 31, 2014;
   b. December 15, 2015 and December 31, 2015;
   c. December 15, 2016, and December 30, 2016; and
   d. March 15, 2017, and March 31, 2017.

## FIRST CLAIM
### Fair Labor Standards Act – Unpaid Overtime

65. Plaintiff and the FLSA Collective repeat and reallege all foregoing paragraphs as if fully set forth herein.

66. Defendant is required to pay Plaintiff and the FLSA Collective one-and-one-half (1½) times their regular rates of pay for all hours that they worked in excess of 40 in a workweek pursuant to the overtime wage provisions of the FLSA, 29 U.S.C. § 207 *et seq*.

67. Defendant has failed to pay Plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA, even though Plaintiff and the FLSA Collective have regularly worked more than 40 hours per workweek.

68. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

69. Defendant's violations of the FLSA have been willful and, therefore, a three-year statute of limitations applies pursuant to the FLSA, 29 U.S.C. § 255(a).

70. As a result of Defendant's willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime pay in accordance with the FLSA and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM**
**New Jersey Wage and Hour Law – Unpaid Overtime – New Jersey Rule 23 Class**

71. Plaintiff and the New Jersey Rule 23 Class repeat and reallege all foregoing paragraphs as if fully set forth herein.

72. Under the NJWHL, Defendant was required to pay Plaintiff and the New Jersey Rule 23 Class one and one-half (1½) times their regular rates of pay for all hours they worked in excess of 40 hours in a workweek.

73. Plaintiff and the New Jersey Rule 23 Class regularly worked more than 40 hours per week.

74. Defendant has failed to pay Plaintiff and the New Jersey Rule 23 Class members the overtime wages to which they were entitled under the NJWHL.

75. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful and has not made a good faith effort to comply with the NJWHL with respect to the compensation of Plaintiff and the New Jersey Rule 23 Class.

76. Defendant has willfully violated the NJWHL by knowingly and intentionally failing to pay Plaintiff and the New Jersey Rule 23 Class members overtime wages.

77. Due to Defendant's willful violations of the NJWHL, Plaintiff and the New Jersey Rule 23 Class Members are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the FLSA Collective, and the New Jersey Rule 23 Class respectfully request that this Court enter a judgment:

a. Certifying the case as a collective action for the violations of the FLSA, as it pertains to the First Claim under the FLSA, 29 U.S.C. § 216(b), for the employees described herein and designating Plaintiff's counsel as counsel for the FLSA Collective;

b. Designating Plaintiff as representative of the FLSA Collective;

c. Certifying the case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure as it pertains to the Second Claim for the class of employees described herein, certifying Plaintiff as the class representative, and designating Plaintiff's counsel as Class counsel;

d. Authorizing the issuance of notice at the earliest possible time to all Email Reviewers who were employed by Defendant during the three years immediately preceding the

filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

  e. Declaring that Defendant has violated the overtime provisions of the FLSA and NJWHL;

  f. Declaring that Defendant's violations of the FLSA were willful;

  g. Awarding Plaintiff, the FLSA Collective, and the New Jersey Rule 23 Class damages for unpaid overtime wages;

  h. Awarding Plaintiff and the FLSA Collective liquidated damages under the FLSA;

  i. Awarding Plaintiff, the FLSA Collective, and the New Jersey Rule 23 Class pre- and post-judgment interest under the FLSA and NJWHL;

  j. Awarding Plaintiff, the FLSA Collective, and the New Jersey Rule 23 Class reasonable attorneys' fees and costs pursuant to the FLSA and NJWHL; and

  k. Awarding such other and further relief as the Court deems just and proper.

Dated: October 9, 2017

           By: *s/ Louis Pechman*
              Louis Pechman
              Gianfranco J. Cuadra
              Pechman Law Group PLLC
              488 Madison Avenue – 17th Floor
              New York, New York 10022
              (212) 583-9500
              pechman@pechmanlaw.com
              cuadra@pechmanlaw.com

           By: *s/ Mitchell Schley*
              Mitchell Schley
              Law Offices of Mitchell Schley, LLC
              197 Route 18, Suite 3000

        East Brunswick, New Jersey 08816
        (732) 325-0318
        mschley@schleylaw.com

        *Attorneys for Plaintiff and the*
        *Putative FLSA Collective and the*
        *New Jersey Rule 23 Class*

## FLSA CONSENT FORM

I was employed as an Email Reviewer by Merrill Lynch Pierce Fenner & Smith, Inc. (Company) from on or about (date) August 1999 to on or about (date) April 9, 2017. I believe I am entitled to additional wages for unpaid overtime pay for work performed in excess of 40 hours in any week. I wish to be included as a party in the pay claims being asserted against the Company by employees of the Company, and I hereby give consent to the Law Offices of Mitchell Schley, LLC, or such other representatives as it may associate with, to bring suit against the Company on my behalf under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and to represent me in such claims and settlement of such claims.

_JD Porter_
Signature

_Jennifer D. Porter_
Print Name

9/26/2017
Date