**MORGAN, LEWIS & BOCKIUS LLP**
(Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, New Jersey 08540-6241
Thomas A. Linthorst
Emily Cuneo DeSmedt
Phone: (609) 919-6642
Fax: (609) 919-6701
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JENNIFER PORTER**, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**MERRILL LYNCH PIERCE FENNER & SMITH, INC.**,<br><br>Defendant. | Civ. Action No. 3:17-cv-08043-FLW-TJB<br><br>**ANSWER AND SEPARATE DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>*Document Electronically Filed* |

Defendant Merrill Lynch, Pierce, Fenner & Smith Inc. ("MLPFS") hereby answers Plaintiff Jennifer Porter's Complaint in accordance with the numbered paragraphs thereof, as follows:

## NATURE OF THE COMPLAINT

1.  Defendant admits only that Plaintiff purports to bring the instant action under the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL"). Defendant denies that Plaintiff or any other individual Plaintiff seeks to represent is entitled to any relief under the FLSA, the NJWHL, or any other law, and denies that this case may proceed as a class or collective action.

2. Defendant admits only that MLPFS was acquired by Bank of America in 2009, is a registered broker-dealer, and is an indirect wholly-owned subsidiary of Bank of America. Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits only that Plaintiff was formerly employed in the Central Business Review Unit ("CBRU") of MLPFS. Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. Denied.

5. Denied.

6. Denied.

7. Defendant admits only that Plaintiff seeks the remedies identified in Paragraph 7 of the Complaint, but denies that Plaintiff or any other individual Plaintiff seeks to represent is entitled to the relief described in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8. The allegations contained in Paragraph 8 are conclusions of law to which no response is necessary.

9. The allegations contained in Paragraph 9 are conclusions of law to which no response is necessary. To the extent any response is necessary, the allegations in Paragraph 9 are denied.

10. The allegations contained in Paragraph 10 are conclusions of law to which no response is necessary.

## THE PARTIES

11. Defendant admits only that its records indicate that Plaintiff's last known address is in Somerset County, New Jersey. Defendant lacks information or knowledge sufficient to form a belief regarding Plaintiff's current address and, therefore, leaves Plaintiff to her proofs.

12. Defendant admits only Plaintiff was employed with MLPFS from August 1999 until April 2017. Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. The allegations contained in Paragraph 13 are conclusions of law to which no response is necessary. To the extent any response is necessary, the allegations of Paragraph 13 are denied.

14. The allegations contained in Paragraph 14 are conclusions of law to which no response is necessary.

15. Denied.

16. The allegation contained in Paragraph 16 that Plaintiff has consented to be a party to the FLSA claims in the action pursuant to 29 U.S.C. § 216(b) is a conclusion of law to which no response is necessary. The remaining allegations

contained in Paragraph 16 purport to characterize a document and the Court is respectfully referred to the document for its contents.

17. Admitted.

18. Defendant admits only that it maintains an office in Pennington, New Jersey, where Plaintiff worked during her employment with Defendant. Defendant denies the remaining allegations contained in Paragraph 18.

19. Admitted.

20. The allegations contained in Paragraph 20 are conclusions of law to which no response is necessary.

21. The allegations contained in Paragraph 21 are conclusions of law to which no response is necessary.

22. Admitted

23. The allegations contained in Paragraph 23 are conclusions of law to which no response is necessary. To the extent any response is necessary, the allegations of Paragraph 23 are denied.

## COLLECTIVE ACTION ALLEGATIONS

24. Defendant admits only that Plaintiff purports to bring the First Claim as a collective action pursuant to the FLSA as described in Paragraph 24 of the Complaint. Defendant denies the remaining allegations in Paragraph 24 of the Complaint, denies that Plaintiff and those she seeks to join or represent are

similarly situated, and denies that Plaintiff's claims are amenable to collective action adjudication.

  25. Denied.

  26. Denied.

  27. Denied.

  28. Denied.

  29. Denied.

## RULE 23 CLASS ACTION ALLEGATIONS

  30. Defendant admits only that Plaintiff purports to bring the Second Claim as a class action as described in Paragraph 30 of the Complaint. Defendant denies the remaining allegations in Paragraph 30 of the Complaint and denies that Plaintiff's claims are amenable to class action adjudication.

  31. Denied.

  32. Denied.

  33. Denied.

  34. Denied.

  35. Denied.

  36. Denied.

  37. Denied.

  38. Denied.

39. Defendant denies Paragraph 39, including its subparts (a) through (c).

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## FACTUAL ALLEGATIONS

44. Defendant admits only that Plaintiff purports to bring the instant action under the FLSA and the NJWHL. Defendant denies that Plaintiff or any individual she seeks to represent is entitled to any relief under the FLSA, the NJWHL, or any other law, of that the case may proceed as a class or collective action.

45. Defendant admits only that, among other things, the CBRU reviews electronic correspondence sent or received by financial advisors in Defendant's branch offices. Defendant denies the remaining allegations contained in Paragraph 45 of the Complaint.

46. Admitted, except denied that Defendant uses only surveillance programs to meet its regulatory obligations to review certain of the correspondence of its financial advisors.

47. Defendant admits that Plaintiff's title was Senior Supervision Analyst at the time of the termination of her employment and that Supervision Analyst was

another job title within the CBRU during the relevant period.  Defendant denies the remaining allegations contained in Paragraph 47 of the Complaint.

48.     Defendant admits only that, in or about 2009, Plaintiff and others on the CBRU team were eligible to receive annual bonuses.  Defendant denies the remaining allegations contained in Paragraph 48 of the Complaint.

49.     Defendant admits only that in or about 2009, Plaintiff and some of the others on the CBRU team were eligible to receive annual bonuses.  Defendant denies the remaining allegations contained in Paragraph 49 of the Complaint.

50.     Defendant admits only that it uses a computer system called Autonomy Supervisor to flag certain electronic communications that meet certain criteria.  Defendant denies the remaining allegations contained in Paragraph 50 of the Complaint.

51.     Defendant admits only that one of the job responsibilities Plaintiff had was to analyze and decide whether an email that Autonomy Supervisor flagged had issues for which Plaintiff needed to take action, and, if so, what action to take.  Defendant denies the remaining allegations contained in Paragraph 51 of the Complaint.

52.     Defendant admits that one of the job responsibilities Plaintiff had was to analyze and decide what additional emails to review.  Defendant denies the remaining allegations contained in Paragraph 52 of the Complaint.

53. Defendant admits only that Electronic Communications Supervision Operations Manual was applicable to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 53 of the Complaint.

54. Denied.

55. Defendant admits only that Plaintiff's job responsibilities included analyzing emails she reviewed and, if she determined there was an issue with the email, including but not limited to the issues identified in Paragraph 55, she then decided upon a course of action for addressing the issue. Defendant denies the remaining allegations contained in Paragraph 55 of the Complaint.

56. Denied.

57. Denied.

58. Denied.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint, as well as the subheading immediately preceding Paragraph 59.

60. Denied.

61. Defendant admits only that Plaintiff recorded her work hours in the periods of employment with MLPFS during which she was classified non-exempt. Defendant denies the remaining allegations contained in Paragraph 61 of the Complaint.

62. Denied.

63. Denied.

64. Defendant denies Paragraph 64, including its subparts (a) through (d).

## FIRST CLAIM

### Fair Labor Standards Act – Unpaid Overtime

65. Defendant incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

66. The allegations contained in Paragraph 66 are conclusions of law to which no response is necessary. To the extent Paragraph 66 contains any factual allegations, those allegations are denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

## SECOND CLAIM

### New Jersey Wage and Hour Law- Unpaid Overtime - New Jersey Rule 23 Class

71. Defendant incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

72. The allegations contained in Paragraph 72 are conclusions of law to which no response is necessary. To the extent Paragraph 72 contains any factual allegations, those allegations are denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

## RELIEF SOUGHT

Defendant denies the allegations in the Complaint's unnumbered prayer for relief and its sub-parts (a) through (k) and specifically denies that Plaintiff or those she seeks to represent are entitled to any relief whatsoever under the law.

## GENERAL DENIAL

Defendant denies each and every allegation in Plaintiff's Complaint not specifically admitted herein.

## SEPARATE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The claims asserted in the Complaint are barred, in whole or in part, by the applicable statute of limitations.

3. Plaintiffs and/or certain members of the purported class and collective action in the Complaint are exempt from overtime requirements under the FLSA and New Jersey law, including but not limited to, the administrative, executive, professional, highly compensated, or some combination of these exemptions.

4. Plaintiff lacks standing and cannot represent the interests of some or all of the putative class or collective action members.

5. Plaintiff's claims and/or those of certain putative members of the purported class and collective action defined in the Complaint are barred in whole or in part because said claims have been released.

6. Plaintiff's state law claims on their behalf and on behalf of the purported class defined in the Complaint are barred because they violate the Rules Enabling Act ("REA"), 28 U.S.C. § 2072(b) and/or are preempted and/or inherently incompatible with Plaintiff's FLSA collective action claim.

7. Plaintiff's claims are barred by the doctrines of estoppel, offset, and/or setoff.

8. If Defendant's failure to pay overtime was unlawful, although such is not admitted, Defendant had a good faith and reasonable belief that the failure to pay such wages was not unlawful.

9. Pursuant to 29 U.S.C. § 259 and other applicable law, Defendant's alleged failure to pay Plaintiff or any putative class member overtime wages, if at all, was in good faith in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or

enforcement policy of the Wage and Hour Division of the United States Department of Labor and New Jersey's Department of Labor.

10. Plaintiff, and any putative member of the purported class and collective action defined in the Complaint, are barred from recovering penalties or liquidated damages pursuant to, *inter alia*, the Fair Labor Standards Act, because: (a) Plaintiff has failed to plead facts sufficient to support allegations of willfulness; and (b) neither Defendant nor any agent or employee of Defendant acted willfully in failing to pay wages allegedly due to Plaintiff or others.

11. If Defendant is found to have failed to pay any amount due to Plaintiff, or any putative member of the purported class and collective action defined in the Complaint, which allegations Defendant denies, any payments should be calculated at a rate of one-half the regular hourly rate for each individual.

12. To the extent Plaintiff and/or members of the putative class and collective actions have executed agreements to arbitrate that encompass claims alleged in the Complaint, their claims are barred by their contractual agreement to arbitrate.

13. Plaintiff, and each putative member of the purported class and collective action defined in the Complaint, is not entitled to recover any civil

penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary and oppressive, or confiscatory.

14. The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiff, or members of the purported class and collective action defined in the Complaint, consented to any alleged activity or conduct.

15. Plaintiff's claims cannot be properly joined with the claims of any potential opt-ins.

16. Plaintiff's claims, and the claims of the purported class and collective action defined in the Complaint, or some of them, are barred in whole or in part by the principles of accord and satisfaction, and payment.

17. Plaintiff's claims, and the claims of each putative member of the purported class and collective action defined in the Complaint, or some of them, are barred in whole or in part because the work alleged to be unpaid is not compensable time under applicable law, including because it was preliminary, postliminary, or *de minimis*.

18. Plaintiff's claims, and the claims of each putative member of the purported class and collective action defined in the Complaint, or some of them, are barred in whole or in part by the doctrine of laches.

19. Plaintiff's claims, and the claims of each putative member of the purported class and collective action defined in the Complaint, or some of them, are barred in whole or in part by their unclean hands and/or inequitable or wrongful conduct.

20. Plaintiff's claims, and the claims of each putative member of the purported class and collective action defined in the Complaint, or some of them, are barred, or recovery reduced, because: (a) Defendant took reasonable steps to prevent and correct the conduct alleged in the Complaint; (b) Plaintiff unreasonably failed to use the preventive and corrective measures that Defendant provided; and (c) reasonable use of Defendant's procedures would have prevented at least some of the harm that Plaintiff allegedly suffered, if any.

21. Plaintiff's monetary claims, and those of putative members of the purported class and collective action defined in the Complaint, or some of them, are barred, in whole or in part, because they have not appropriately or adequately mitigated their damages, if any.

22. Plaintiff's equitable claims, and those of putative members of the purported class and collective action defined in the Complaint, or some of them, are barred in light of the fact that Plaintiff and others have an adequate remedy at law.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to amend its Answer and Defenses to the Complaint and to assert such additional defenses that may appear and prove applicable during discovery proceedings and its continuing fact investigation in this case.

WHEREFORE, Defendant demands judgment dismissing Plaintiff's Complaint and awarding its attorneys' fees, costs of suit, and such other and further relief as the Court may deem proper.

                                          Respectfully submitted,

                                          MORGAN, LEWIS & BOCKIUS LLP
*Attorneys for Defendant*

                                          *s/ Thomas A. Linthorst*
Thomas A. Linthorst
Emily Cuneo DeSmedt
502 Carnegie Center
Princeton, New Jersey 08540
(609) 919-6642 (telephone)
(609) 919-6701 (fax)

Dated: November 15, 2017

## **CERTIFICATE OF SERVICE**

I certify that on November 15, 2017, I served a copy of the foregoing Answer and Separate Defenses of Defendant on the following via ECF:

Louis Pechman
Gianfranco J. Cuadra
Pechman Law Group PLLC
488 Madison Avenue – 17th Floor
New York, New York 10022
pechman@pechmanlaw.com
cuadra@pechmanlaw.com

Mitchell Schley
Law Offices of Mitchell Schley, LLC
197 Route 18, Suite 3000
East Brunswick, New Jersey 08816
mschley@schleylaw.com
*Attorneys for Plaintiff*

          *s/ Thomas A. Linthorst*
          Thomas A. Linthorst