*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JENNIFER PORTER, on behalf of herself :
and all others similarly situated,  :
                                    :
                                    :
             Plaintiff,             :   Civil Action No. 17-8043 (FLW) (TJB)
                                    :
       v.                           :
                                    :   OPINION
MERRILL LYNCH PIERCE FENNER &       :
SMITH, INC.,                        :
                                    :
             Defendant.             :
_____ :

**WOLFSON, United States District Judge:**

This civil action, brought by Plaintiff Jennifer Porter ("Plaintiff"), arises out of allegations that Defendant Merrill, Lynch, Pierce, Fenner & Smith, Inc. ("Defendant" or "Merrill") violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New Jersey Wage and Hour Law ("NJWHL"), for failure to pay overtime wages to Plaintiff and other similarly situated employees. Presently, Plaintiff seeks conditional certification of this action pursuant to Section 216(b) of the FLSA, the issuance of court-authorized notice to the conditional collective action members, and production of a list of all conditional collective action members' names and contact information.

For the reasons that follow, Plaintiff's motion to conditionally certify the collective action is granted. Plaintiff's motion to authorize the issuance of notice to conditional class members and for the production of a list of these members' contact information is also granted, subject to the Court's limitations on the contents of these documents.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

1

For the purpose of this motion, the Court will take the allegations in the Complaint as true, and only recount pertinent facts. Merrill was a publicly traded company until 2009, when it was acquired by Bank of America and became known as Merrill Lynch Wealth Management, a wealth management division of Bank of America. Complaint at ¶ 2. Porter and the putative collective and class members were and/or are "Email Reviewers" presently or formerly employed by Merrill in its Central Business Review Unit ("CBRU"). *Id.* at ¶ 3.

Porter was employed for 17 years as an Email Reviewer in the CBRU at Merril's office in Pennington, New Jersey, from August 1999 until April 9, 2017. *Id.* at ¶¶ 12, 59. According to the Complaint, Email Reviewers are responsible for, as the name suggests, reviewing emails sent or received by financial advisors in Merrill's branch offices.[1] *Id.* at ¶ 45. Merrill utilizes a software program, Autonomy, that flags emails that include certain keywords. *Id.* at ¶ 50. Email Reviewers are tasked with assessing whether the flagged emails are "false positives," i.e. flagged by the computer program in error, and also reading a sample of non-flagged emails. *Id.* at ¶¶ 51-52.

Porter and other Email Reviewers regularly worked Monday through Friday, 8:30 a.m. to 5:30 p.m. *Id.* at ¶ 62. The Complaint alleges that, notwithstanding these hours, Porter and other Email Reviewers regularly stayed one to three hours late, and that, on days that Porter could not stay in the office late, she regularly logged in remotely and reviewed emails from home. *Id.* Before Bank of America acquired Merrill in 2009, the Email Reviewer position was classified as

---

[1] According to Defendant, the correct job title is not "Email Reviewer," but Supervision Analysts ("SAs") and Senior Supervision Analysts ("Sr. SAs"). Plaintiff, in her declaration, states that the job of reviewing emails has had different titles at various times, such as Email Reviewer, Specialist, Senior Specialist, Supervisor Analyst, and Senior Supervision Analyst. Declaration of Jennifer Porter ("Porter Decl.") at ¶ 7. For the sake of simplicity, the Court will use the title "Email Reviewer."

non-exempt from overtime pay, and Porter and the other Email Reviewers in the CBRU were paid on an hourly basis with overtime wages for work in excess of forty hours per week. *Id.* at ¶ 48. After Bank of America acquired Merrill, however, Defendant reclassified the position as exempt from overtime pay, and Porter and all other Email Reviewers were paid a flat weekly salary, plus annual bonuses, without any pay for overtime work. *Id.* at ¶ 49. As to Porter specifically, the Complaint alleges regular work in excess of 40 hours per week, and that she worked at least fifty hours per week without any overtime pay for four separate pay periods between December 2014 and March 2017. *Id.* at ¶ 64.

In addition to the Complaint, Plaintiff also submits two declarations—one from Porter and one from opt-in plaintiff Christine Rojas—in support of the present motion. While Porter's declaration contains affirmations substantially similar to the allegations in the Complaint, she also points to a specific Email Reviewer, Bill Heffernan, who regularly worked in excess of 40 hours per work week and did not receive overtime pay. Porter Decl. at ¶ 3. Rojas, in her declaration, states that her regular work schedule was 7:00 a.m. to 3:00 p.m, but that she regularly worked additional hours, which were necessary to meet deadlines. Declaration of Christine Rojas ("Rojas Decl.") at ¶ 10. Rojas further states that she observed co-workers working more than 8 hours per day and more than 40 hours per week. *Id.* Both declarations also note that in or about 2011, the Email Reviewers were called into a meeting and were told by managers Alexis Blankenship and Jan Shaffer that they were reclassified as exempt and would no longer receive overtime pay. Porter Decl. at ¶ 11; Rojas Decl. at ¶ 7.

Defendant, for its part, also submits several declarations with its opposition brief in an attempt to show that Email Reviewers have more responsibilities than Plaintiff alleges, and were, therefore, appropriately categorized as exempt from overtime pay. For instance, they assert that

3

Porter publicly described herself as a "Senior Supervision Analyst," with responsibilities significantly more varied than simply reviewing emails. Declaration of Thomas A. Linthorst ("Linthorst Decl.") at ¶ 2 & Ex. 1. Defendant also submits a declaration from a Merrill employee who attests that Email Reviewers have a range of duties, including certain management responsibilities, employee training, and preparing presentations and monthly reports. Declaration of Nadia Khan ("Khan Decl.) at ¶ 20. Defendant also presents declarations from Porter's former coworkers documenting her purported performance deficiencies, which resulted in the termination of her employment in April 2017. *See, e.g.*, Declaration of Janet Shaffer ("Shaffer Decl.") at ¶ 9.

Plaintiff filed this case on October 9, 2017, as a class and collective action on behalf of all persons who work or worked as Email Reviewers for Merrill in Merrill's Pennington, New Jersey location at any time since October 9, 2014. Plaintiff brought claims against Merrill under the FLSA and NJWHL, alleging that Email Reviewers regularly worked more than 40 hours in a work week, but were not paid overtime wages. Although an initial fact discovery cut-off was set for July 9, 2018, the parties have been engaged in a protracted series of discovery disputes, and, at this date, almost no discovery has been exchanged between the parties.[2]

## II.   DISCUSSION

### A. Collective Action Certification

Under the FLSA, "[a]n action to recover the liability…may be maintained against any employer…by any one or more employees for and in behalf of himself or themselves and other

---

[2] Defendant asks the Court to defer ruling on this motion until these discovery disputes have been resolved. However, because the Court finds that Plaintiff has met its minimal burden in demonstrating that the putative collective action members are similarly situated, and because any further delay in ruling on the motion may have statute of limitations implications for Plaintiff's claims, the Court denies Defendant's request.

4

employees similarly situated." 29 U.S.C. § 216(b). When an employee brings an action against an employer on behalf of other similarly situated employees, this is commonly known as a "collective action." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013) (citing *Hoffmann–La Roche Inc. v. Sperling,* 493 U.S. 165, 169–170 (1989)).

"In deciding whether a suit brought under § 216(b) may move forward as a collective action, courts typically employ a two-tiered analysis. During the initial phase, the court makes a preliminary determination whether the employees enumerated in the complaint can be provisionally categorized as similarly situated to the named plaintiff. If the plaintiff carries her burden at this threshold stage, the court will 'conditionally certify' the collective action for the purposes of notice and pretrial discovery." *Symczyk v. Genesis Healthcare Corp.*, 656 F.3d 189, 192 (3d Cir. 2011). A plaintiff must make a "modest factual showing" that the prospective plaintiffs are similar situated. *Id.* at 192–93 (citing *Wright v. Lehigh Valley Hosp.,* No. 10–431, 2010 WL 3363992, at *3–4 (E.D.Pa. Aug. 24, 2010)). Under the "modest factual showing" standard, a plaintiff must "produce some evidence, beyond speculation, of a factual nexus between the manner in which the employer's alleged policy affected [her] and the manner in which it affected other employees." *Id.* at 193 (citing *Smith v. Sovereign Bancorp, Inc.,* No. 03–2420, 2003 WL 22701017, at *3 (E.D.Pa. Nov. 13, 2003)).

Here, Plaintiff, at the initial stage, presents the Court with the Complaint and two sworn declarations attesting to the universality of Defendant's overtime practices with regard to Email Reviewers. The declarants claim to have regularly worked more than 40 hours per week and to have personally observed the other Email Reviewers at Defendant's Pennington location doing the same. They further declare that Defendant did not pay overtime wages, a fact that management openly told all Email Reviewers at a meeting. These statements, allegedly based on

personal experience and first-hand observation, satisfy the *Szymcyk* standard of "modest" evidence "beyond speculation." Accordingly, Plaintiff has provided the requisite factual nexus between her situation and the situation of other employees sufficient to determine that they are similarly situated. *See Bobryk v. Durand Glass Mfg. Co.*, 50 F. Supp. 3d 637, 642 (D.N.J. 2014) (holding that "plaintiffs have met the fairly lenient evidentiary standard to establish conditional certification for a collective action pursuant to the FLSA" when they "submitted sworn declarations attesting to procedures they follow during their employment"); *Felix De Asencio v. Tyson Foods, Inc.*, 130 F.Supp.2d 660, 663 (E.D.Pa. 2001) (holding that allegations that (1) all potential collective action members were production employees, and (2) the employer failed to pay these employees minimum wage and overtime wages, were sufficient to establish that the employees were similarly situated for the purpose of FSLA when the case was still in the pre-discovery stage).

Defendant does not dispute that Plaintiff was subjected to the alleged practices, but argues instead, based its own declarations, that adjudication of the overtime claims would require an individualized inquiry of the job duties performed by each Email Reviewer and whether each individual was exempt from overtime. However, at this juncture, based on the pleadings and declarations, it is reasonable for the Court to find that all Email Reviewers at Defendant's Pennington location were treated similarly. The cases cited by Defendant denying conditional certification are not analogous to Plaintiff's case here. For instance, in *Harriel v. Wal-Mart Stores, Inc*., the court denied conditional certification when there had already been "significant discovery" that rebutted plaintiff's claims, and plaintiff could not find a single opt-in member to attest to how the defendant's policies impacted other employees. No. 11-2510, 2012 WL 2878078, at *4 (D.N.J. July 13, 2012); *see also Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F.

Supp. 2d 493, 498 (D.N.J. 2000) (denying conditional certification when discovery had already been completed, and the court, therefore, applied "a stricter standard in its analysis"). Here, Plaintiff has sworn statements from another opt-in plaintiff (albeit only one), and discovery has not been completed. Moreover, other cases that Defendant cites involve attempts to certify large actions, where the plaintiff had no direct knowledge of the experience of potential co-plaintiffs. *See, e.g.*, *Kronick v. bebe Stores, Inc.,* No. 07-4514, 2008 WL 4546368, at *3 (D.N.J. Oct. 2, 2008) (denying conditional certification of collective action where plaintiff was merely "aware" of a "common practice" of defendant not paying employees for overtime at multiple store locations). Here, however, Plaintiff merely seeks certification of the collective of Email Reviewers from Merrill's Pennington location. Personal observation from employees at that location that Defendant's overtime practices were widespread is sufficient at this stage to conditionally certify such a limited collective action.

Defendant's arguments—and the declarations supporting them—about the individualized job roles of Email Reviewers are more appropriate for the second stage of the certification analysis, which occurs after discovery is completed. *See*, *e.g., Depalma v. Scotts Co. LLC*, 2016 U.S. Dist. LEXIS 187259, at *7-8 (D.N.J. Mar. 31, 2016) ("Scotts presents declarations from other sales managers to demonstrate the variation of experiences among those in the position. This evidence is inapposite at this stage. Whether these persons are similarly situated will be explored at the next stage."). Then, "with the benefit of discovery, 'a court…makes a conclusive determination as to whether each plaintiff who has opted in to the collective action is in fact similarly situated to the named plaintiff.'" *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 243 (3d Cir. 2013) (quoting *Symczyk,* 656 F.3d at 193). "This second stage is less lenient, and the plaintiff bears a heavier burden." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233,

7

1261 (11th Cir. 2008). With this standard in mind, I note that, although Plaintiff's pleadings and declarations are sufficient to meet the minimal showing required at this stage, nonetheless, in light of Defendant's declarations, it appears that Plaintiff will face a significant hurdle to show that all Email Reviewers at Merrill's Pennington location were, in fact, similarly situated. It is clear that Plaintiff will need to present significantly more evidence at the next stage in order to warrant final certification of the collective action.

### B. Collective Action Notice and Collective Contact Information

Next, Plaintiff asks the Court to authorize notice and compel Defendant to produce the contact information for the Email Reviewers that Defendant employed in Pennington. With respect to notice, the Supreme Court has recognized that the efficacy of § 216(b) hinges on "employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). To ensure this task "is accomplished in an efficient and proper way," the Court interpreted § 216(b) as endowing district courts with "the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the Federal Rules of Civil Procedure." *Id.* at 170–71. As such, "[u]pon conditional certification of a FLSA collective action, a court has discretion to provide court-facilitated notice to potentially eligible members of the collective action." *Pearsall-Dineen v. Freedom Mortg. Corp.*, 27 F.Supp.3d 567, 573 (D.N.J. 2014).

Here, Plaintiff proposes that her version of the notice be circulated to all Email Reviewers employed at Merrill's Pennington location within three years of the filing of the Complaint in this action. Plaintiff asks that the Court authorize dissemination of notice by the

following means: (1) mailing of the notice, by Plaintiff's counsel, to all members of the putative collective; (2) emailing of the notice, by Plaintiff's counsel, to all members of the putative collective to their last known personal email address; (3) posting of the notice, by Defendant, in a conspicuous location in all break/lunch rooms or similar office space at their office locations typically utilized by the putative collective; (4) sending reminder notices to those who have not returned a consent form half-way through the completion of the opt-in period, by mail and email.

As the initial decision to conditionally certify and the decision to notify potential collective action members are nearly "synonymous," *Morgan*, 551 F.3d at 1261 n. 40, courts in this district routinely authorize the issuance of notice to putative plaintiffs once an FLSA action has been conditionally certified. *See, e.g., Pearsall-Dineen*, 27 F. Supp. 3d at 574 (granting conditional certification and approving issuance of notice); *Barrios v. Suburban Disposal, Inc.*, 2013 U.S. Dist. LEXIS 175157, at *8-*9 (D.N.J. 2013) (same). Accordingly, the Court will authorize the issuance of notice. For the purposes of the notice, the potential collective action member shall include those who held the following titles at Merrill's Pennington location: Email Reviewer, Specialist, Senior Specialist, Supervisor Analyst, Supervision Analyst, and Senior Supervision Analyst. *See* supra n. 1.

Nonetheless, Defendant has expressed specific concerns about the form of Plaintiff's proposed notice. Specifically, Defendant insists that 1) notice should be limited to those who held the Email Reviewer role within three years from the date the Court approves notice, as opposed to the date the Complaint was filed, 2) notice also should be limited to a single notification sent by U.S. Mail to home addresses, 3) providing Plaintiff's counsel the email

addresses and telephone numbers of putative collective action members is unnecessary and intrusive, and 4) a 90-day notice period is too long, and should instead be limited to 45 days.[3]

The Court grants Defendant's request to limit notice to those who held the Email Reviewer role within three years from the date of the court-approved notice. Under the FLSA, the action is commenced for opt-in plaintiffs from the date they file a written consent to join the action, 29 U.S.C. § 256(b), and the maximum possible statute of limitations is three years. *See* 29 U.S.C. § 255(a). Accordingly, courts regularly limit notice in FLSA collective actions to those potential opt-in plaintiffs employed within three years of the date of conditional certification. *See Gervasio v. Wawa, Inc.*, No. 17-245, 2018 WL 385189, at *5 (D.N.J. Jan. 11, 2018) (limiting notice period to three years preceding the order conditionally certifying collective action, not the filing of the complaint); *Adami v. Cardo Windows, Inc.*, 299 F.R.D. 68, 82 (D.N.J. 2014) (same).

As to Defendant's other objections, the Court orders the following. First, Plaintiff will be permitted to mail and email the notice to prospective plaintiffs, and may send a reminder notice by the same methods halfway through the notice period. However, Defendant need not post the notice in its office locations. Second, Defendant must produce a list, within 10 days of this Order, containing the last-known home addresses and email addresses of prospective plaintiffs, but Defendant need not include their telephone numbers. Third, the notice period will be limited to 60 days. Finally, the parties shall meet and confer to resolve any further disputes regarding the notice form. The parties must resolve all disputes within 20 days of the filing of this Opinion, and, at that time, submit to the Court a joint proposed notice form consistent with this Opinion.

### III.  CONCLUSION

---

[3] Plaintiff's proposed notice form includes a 60-day notice period; however, in her moving brief, Plaintiff requests a 90-day notice period.

For the foregoing reasons, Plaintiff's motion to conditionally certify the collective action is granted. Plaintiff's motion to authorize the issuance of notice to potential conditional collective action members and for the production of a list of all potential conditional collective action members' contact information is also granted, subject to the limitations set forth in this Opinion. The parties must resolve any remaining disputes within 20 days of the filing of this Opinion, and, at that time, submit to the Court a joint proposed notice form consistent with this Opinion.


Dated: November 9, 2018                     /s/ Freda L. Wolfson
                                            Hon. Freda L. Wolfson
                                            United States District Judge